UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE WATSON,

        Plaintiff,                      Case No. 2:16-cv-14355
                                        District Judge Nancy G. Edmunds
v.                                          Magistrate Judge Anthony P. Patti

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (DE 19)**

**I.**    **RECOMMENDATION:** This matter is before me for consideration of Plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA) (DE 19), and Defendant's related objection (DE 20). For the reasons that follow, I recommend that the Court **DENY** Plaintiff's motion.

**II.**    **REPORT:**

    **A.**    **Procedural History**

On December 14, 2016, Plaintiff Stephanie Watson filed a complaint in which she appealed the administrative determination denying her applications for disability insurance (DI) and social security insurance (SSI) benefits. (DE 1.)

1

Defendant Commissioner of Social Security filed an answer and the administrative transcript on March 27, 2017. (DE 8, 9.)

On May 9, 2017, Plaintiff filed her motion for summary judgment seeking to vacate the Commissioner's final decision and remand the matter pursuant to Sentence Four of 42 U.S.C. § 405(g). (DE 12.) The Commissioner filed a cross-motion for summary judgment on June 5, 2017 (DE 14), and Plaintiff filed her response on June 22, 2017 (DE 15). On March 2, 2018, this Court issued a Report and Recommendation to grant Plaintiff's motion for summary judgment, deny Defendant's motion for summary judgment, and remand this matter to the Commissioner. (DE 16.) On March 19, 2018, the District Court issued an order and opinion accepting the report and recommendation. (DE 17.) That same day, judgment was entered. (DE 18.)

B.  **Instant Motion**

On June 19, 2018, Plaintiff filed a motion for attorney fees pursuant to the EAJA, 28 U.S.C. § 2412(d). (DE 19.) Plaintiff requests a total of $1,737.00 for fees under the EAJA, consisting of 8.1 attorney hours at $170/hour ($1,377.00) and 4.8 hours of legal assistant time at $75/hour ($360.00) (*Id*. at 2).[1] Judge Edmunds

---

[1] Plaintiff's prayer for relief seems to contain a typographical error, as she "requests an award of reasonable attorney fees in the amount of One Thousand Three Hundred and Seventy Seven ($*2424*.00) Dollars payable to her attorney[.]" (*See* DE 19 at 2 (emphasis added).)

has referred this motion to me for a report and recommendation, and the Commissioner has filed a response. (DEs 20, 21.) Plaintiff did not file a reply brief.

### C. Analysis

The Commissioner argues that the Court should deny Plaintiff's motion, because: **(1)** it was not timely filed pursuant to 28 U.S.C. § 2412(d)(1)(B); and, **(2)** Plaintiff "does not claim that her EAJA application was subject to equitable tolling." (DE 20 at 1-3.) Alternatively, the Commissioner requests that the Court grant defense counsel "additional time to contact plaintiff's counsel and negotiate a reasonable settlement amount as compensation under [the] EAJA." (DE 20 at 3 n.2.) Accordingly, the Court issued a text order on August 17, 2018, directing the parties to confer and, on or before August 31, 2018, either submit a stipulated order resolving this motion or jointly inform the Court that a ruling was still necessary. On August 24, 2018, the parties filed a joint statement, which informed the Court that a ruling is still needed concerning the timeliness of Plaintiff's EAJA petition. (DE 22.)

#### 1. Timeliness

Pursuant to the EAJA, the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and other expenses incurred in bringing the action. 28 U.S.C. §

2412(d)(1)(A).  The statute provides that the prevailing party's motion for attorney fees must be filed "within thirty days of final judgment in the action[.]"  28 U.S.C. § 2412(d)(1)(B).  Likewise, E.D. Mich. LR 54.2 requires that, "Attorneys representing clients in social security disability claims who seek District Court approval under 28 U.S.C. § 2412 (d), the Equal Access to Justice Act, shall file a motion within 30 days of final judgment in the action."[2]  A "final judgment" is defined in the statute as "a judgment that is final and not appealable[.]"  28 U.S.C. § 2412(d)(2)(G).

In a case remanded under sentence four of 42 U.S.C. § 405(g), the judgment of remand is a "final judgment" under the EAJA.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-102 (1991).  Under the Federal Rules of Appellate Procedure, a judgment is non-appealable after 60 days.  *See* Fed. R. App. P. 4(a)(1)(B) ("The notice of appeal may be filed by any party *within 60 days* after entry of the judgment or order appealed from . . .") (emphasis added).  "Thus, a sentence four judgment of remand in a social security case becomes 'a judgment that is final and not appealable' 60 days from the entry of the judgment of remand, and a petition for EAJA fees must be filed within 30 days after that."  *Munson v. Comm'r of Soc.*

---

[2] The Sixth Circuit has recently noted that, "[l]ocal rules, when properly adopted, generally have 'the force of law.'"  *Hayes v. Comm'r of Soc. Sec.,* 895 F.3d 449, 453 (6th Cir. July 12, 2018) (quoting *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010)).

*Sec.*, No. 11-12475, 2013 WL 3049359, at *1 (E.D. Mich. June 14, 2013) (O'Meara, J., *adopting report and recommendation of* Whalen, M.J.).

Here, the District Court entered judgment on March 19, 2018, which was the 78th day of the year. This would make Friday, May 18, 2018 (the 138th day of the year) the last day an appeal could have been taken (*i.e.*, 78 + 60 = 138). Fed. R. App. P. 4(a)(1)(B). The thirty-day period for filing the petition for attorney fees then began running on that date, and it ended on Sunday, June 17, 2018 (168th day of the year, *i.e.,* 138 + 30 = 168 or 78 + 90 = 168). 28 U.S.C. § 2412(d)(1)(B). However, Plaintiff would have been permitted to file her fee petition by the next day, Monday, June 18, 2018, under Fed. R. Civ. P. 6(a)(1)(C). Unfortunately, Plaintiff did not file her EAJA fee petition until Tuesday, June 19, 2018 – a day late. (DE 19.) Thus, it is not timely.[3]

### 2. Equitable tolling

Section 2412(d)(1)(B)'s "30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.'"

---

[3] Unfortunately, meeting deadlines has been an ongoing problem with Plaintiff's counsel over the past few years, and the Court has had to issue multiple show cause orders to him or his clients in various social security cases, including this one. (*See* DE 11; *see also Watson v. Comm'r of Soc. Sec.*, Case No. 2:17-cv-11978-GAD-APP (E.D. Mich. Oct. 5, 2017); *Brokaw v. Comm'r of Soc. Sec.*, Case No. 2:15-cv-13914-BAF-EAS (E.D. Mich. Feb. 17, 2017); *Payment v. Comm'r of Soc. Sec.*, Case No. 4:15-cv-14426-LVP-APP (E.D. Mich. May 4, 2016); and *Malone v. Comm'r of Soc. Sec.*, Case No. 2:15-cv-10226-GCS-APP (E.D. Mich. Aug. 13, 2015)).

*Scarborough v. Principi*, 541 U.S. 401, 414 (2004). Therefore, the Sixth Circuit has recognized that "the EAJA time limitation for fee applications is subject to equitable tolling." *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 583 (6th Cir. 2005). As such, Plaintiff can avoid dismissal only if she meets her burden of establishing exceptional circumstances that warrant equitable tolling. *See Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). When determining whether equitable tolling should apply, the court considers five factors:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing h[er] claim.

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (quoting *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001)); *see also, Hayes,* 895 F.3d at 453-454.

Plaintiff's motion for EAJA attorney fees does not acknowledge that her fee petition is untimely, let alone argue that she is entitled to equitable tolling. (DE 19.)[4] Further, Plaintiff has not filed a reply to the Commissioner's objection, which references the concept of equitable tolling. (DE 20 at 2-3). In sum, Plaintiff

---

[4] Instead, Plaintiff incorrectly asserts that she "filed a timely request for attorney fees[,]" even though she acknowledges that "judgment was entered on March 19, 2018." (DE 19 at 4.)

has not put forth evidence or argument as to why equitable tolling should apply.[5] Moreover, even if the "absence of prejudice to the respondent" factor weighs in Plaintiff's favor, "[p]rejudice may only be considered if other factors of the test are met and therefore can only weigh in the [Commissioner's] favor." *Dunlap*, 250 F.3d at 1009 (*abrogated recognized by Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-750 (6th Cir. 2011) (discussing the 2-part equitable tolling standard for habeas petitioners set forth in *Holland v. Fla.*, 560 U.S. 631 (2010)). As such, the Court should find that Plaintiff has not met her burden of establishing exceptional circumstances that warrant equitable tolling.

### D. Conclusion

Accordingly, the Court should **DENY** Plaintiff's untimely motion for EAJA attorney fees. (DE 19.) *See, e.g., Amerson v. Comm'r of Soc. Sec.*, No. 12-14395, 2014 WL 4866220, at *3 (E.D. Mich. Sept. 30, 2014) (Borman, J., *adopting report and recommendation of* Grand, M.J.) (denying as untimely Plaintiff's EAJA application where plaintiff failed "to file a reply brief arguing for the application of equitable tolling to save her tardy fee petition[.]"); *Stevenson v. Comm'r of Soc.*

---

[5] *See Williams v. Astrue*, No. 11–41–JBC, 2013 WL 66215, at *1 (E.D. Ky. Jan. 4, 2013) (denying application for EAJA fees as untimely, because plaintiff failed to present any arguments concerning the issue of equitable tolling). *See also Horn v. Astrue*, No. 1:10–cv–253, 2012 WL 3441455, at *2 (E.D. Tenn. Mar. 2, 2012) (report and recommendation of Carter, M.J.) (recommending denial of motion for EAJA attorney's fees, because plaintiff failed to reply to "the Commissioner's response objecting to the EAJA fees . . . [,]" and had, therefore, "put forth no reason why equitable tolling would apply.").

*Sec.*, No. 11-13003, 2013 WL 5701052, at *2-*3 (E.D. Mich. Oct. 18, 2013) (Goldsmith, J., *adopting recommendation of* Hluchaniuk, M.J.) (denying Plaintiff's motion for attorney fees where Plaintiff's motion was not timely and plaintiff failed to put forth any "reason why equitable tolling would apply.").

### III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  August 24, 2018             s/*Anthony P. Patti*
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on August 24, 2018, electronically and/or by U.S. Mail.

                                    s/Michael Williams
                                    Case Manager for the
                                    Honorable Anthony P. Patti